CarutheRS, J.,
delivered the opinion of the Court.
This is an application to the Circuit Court for restitution of the possession of a tract of land of which the petitioner had been dispossessed under a writ of possession issued in the case of Daniel Huff’s lessee, vs. Lake. The petition was denied, and appeal in error taken to this Court.
The facts are, that in 1837, an action of ejectment was instituted by Huff against Lake, the tenant in possession, and after a protracted litigation, judgment *83 by default was rendered against Lake in 1850, and a writ of possession awarded. The petitioner is the widow of James Wallen, deceased, and claims in that character, as well as for her children, the heirs. Lake was upon the land as tenant of James Wallen, who as landlord was permitted to defend by the Court until he died in 1848, and there was no revivor against his heirs, but the suit progressed against the original defendant Lake, to its termination as aforesaid.
The case of Huff vs. Lake, was before this Court in 1848, 9 Hump. 138, when it was decided that the death of Wallen, the landlord, after he had been permitted to defend, did not abate the suit, although the tenant, Lake, had never plead to the action, but that he still continued to be the real defendant, and that the plaintiff might revive or not, as he chose, against the heirs of the landlord, and if not, the suit would abaljp'- as to them, if they made no application to become parties, and progress against Lake the original defendant.
When this suit was brought, the proof shows that there was no one in the possession of any part of the land claimed in the declaration, holding adversely to the title of Huff, but the defendant Lake, who-, claimed to hold the whole tract under Wallen. The title of James Wallen was derived from his father, John Wallen, by deed to himself and his brother John. James Wallen, before his death, but after the commencement of the suit, moved upon a part of the land, and there died, leaving his widow, the petitioner, and. his children upon the, land.
*84 Under these circumstances, can she resist the operation of the writ of possession in favor of Huff? We think not. She must stand in the shoes of her husband, and can have no other rights. He became a defendant, and would of course be bound by the judgment if he had lived, and it is not presumed that the condition of his family would be any better after his death, so far as the execution of final process is concerned. But how this would be is not material as she is liable to be dispossessed upon another ground. Before the commencement of the suit, the Collings-worth women were living on this land under Huff, and the house in which they lived was delivered by Wallen to Lake, and they went out into another house on the land by permission of Lake, and they were there at the time the suit was brought. ' At this time, as is proved by Lake, there was “ no other person in possession within the boundary described in the declaration, north of Walker’s line, and by my contract with Walien, I was to have the whole of the land north of Walker’s line.” When the Collings-worth women left the house west of the road pending the suit, Billingsly came in .under Wallen, and built a new house there and moved the old one to it, as a kitchen. After Billingsly left, Lake moved into it, and then the petitioner. This is the house of which the petitioner was dispossessed by the Sheriff. It seems that James Wallen moved upon the land after the institution of the suit, and died there in 1848, leaving his family im the Billingsly house. It must follow from these facts, that, if his widow and heirs are not bound by the judgment as parties, as *85 there was no revivor against them, which is not now admitted or decided, yet they are subject to the operation of the writ of possession, because they came upon the land after the action was brought. There has been no controversy on this point since the case of Hickman’s Lessee vs. Dale, 7 Yerg. 149. See also 2 Marsh. Rep. (Ky.,) 40. All who enter upon the land pending the action of ejectment, are subject to be removed by the final process. If this were not so, there would be no advantage in a recovery, or end to litigation. But' it is otherwise where a tenant in possession at the date of the writ is not sued or served with process in ejectment. Tillinghast’s Adams, 339. 1 Cain’s R. 500.
It is also well settled that where the plaintiff in ejectment is put in possession of more land than is recovered by the verdict, a writ of restitution will be awarded, 5 John. R. 366. In reference to this rule, it is contended in the case before us, that Lake only had possession of about thirty-eight acres, and the recovery could only be to that extent, and the writ of possession could go no further. That would be correct if the fact were that way. If a tenant only claims a part of a tract on which he lives, by lease or otherwise, the contest is only to that extent, and the recovery no further. But such is not the case here. Lake went into the possession of the whole tract claimed by Wallen, north of Walker’s line, and at that time the proof is that there was no conflicting possession. Certainly the landlord, or those ^claiming under or through him, cannot be heard to claim against his own acts. The claim of Wallen. *86 was co-extensive with the land sued for and described in the declaration, lying north of Walker’s line, and to the same extent was the possession for him by his tenant Lake. The judgement then was for the whole and every part, and is not confined to the actual possession of Lake. The case of Blair vs. Pathkiller, 5 Yer. 230, only decides that a writ of • restitution will be granted when possession is given by the sheriff of all lands described in the declaration, although a part of it was not in the possession of defendant, at the- commencement of the suit, to the extent of such part.
The judgment of the Court below refusing the writ of restitution will be affirmed.